IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRANDON DAVID HUNT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-00483-O-BP |
| § | |
| INTERNAL REVENUE SERVICE, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Brandon David Hunt ("Hunt") filed this civil case on May 24, 2024. ECF No. 1. On that same day, the case was preliminarily assigned to the undersigned under Special Order No. 3. ECF No. 2. Although summons has been issued, the record lacks proper proof of service to show that Defendants have been properly served in this case, and no answer has been filed. Hunt has attempted to serve Defendants and file proof of service with the Court twice, but each attempt was deficient. *See* ECF Nos. 5, 7.

Consequently, the Court notified Hunt of the deficiencies, *sua sponte* extended his deadline for him to file proof of proper service until October 9 and November 15, 2024, ordered him to cure such deficiencies, and cautioned him that if he failed to do so, the Court must dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m). *See* ECF Nos. 6, 8. Hunt did not serve Defendants by the extended deadline. On November 19, 2024, the Court ordered Hunt to show cause on or before December 3, 2024, why this case should not be dismissed for failure to perfect service of process upon Defendants. ECF No. 9.

The record reflects that Hunt has not served Defendants by or after the extended October

9 and November 15 deadlines. Nor did he show cause by December 3 why the case should not be dismissed for failure to serve process. As more than six months have passed since Hunt filed this suit, and with no Defendant being served, the Court *sua sponte* must either dismiss his case without prejudice or set a new specified time for service. Fed. R. Civ. P. 4(m). Because the Court already twice extended Hunt's service deadline (*see* ECF Nos. 6, 8) and ordered him to show cause why the case should not be dismissed (*see* ECF No. 6), the Court should now dismiss this case without prejudice.

Despite clear warnings that noncompliance could result in dismissal of his case under Federal Rule of Civil Procedure 4(m), Hunt did not comply with the Court's orders and serve process on Defendants. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 4(m).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on December 9, 2024.

                                                        Hal R. Ray, Jr.
                                                         UNITED STATES MAGISTRATE JUDGE